IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Rigoberto Fortuna Guzman, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No. 1:26-CV-239-DAE |
| | § | |
| Pam Bondi, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

## ORDER

Before the Court is Petitioner Rigoberto Fortuna Guzman's

("Petitioner") Amended Petition for Writ of Habeas Corpus under 28 U.S.C.

§ 2241, (Dkt. # 4), and Respondents' Response.  (Dkt. # 6).

The Court finds this matter suitable for disposition without a hearing.

After careful consideration of the parties' briefings and the relevant law, the Court

**GRANTS** the Amended Petition for Writ of Habeas Corpus (Dkt. # 4) for the

reasons that follow.

## FACTUAL BACKGROUND

Petitioner Fortuna Guzman is a citizen of Mexico who is currently

detained at the T. Don  Hutto Detention Center in Taylor, Texas.  (Dkt. # 4 at ¶ 21.)

Petitioner arrived in the United States in or around 2006 with work authorization,

and has remained continuously in the United States since that time.  (Id. at ¶ 28.)

1

Since his entry, Petitioner has lived in the United States for nineteen years, is the father of five United States citizen children, has no criminal history, and is the sole financial provider for his family. (Id. at ¶¶ 29–31.) Petitioner intends to pursue relief from removal proceedings through non-Legal Permanent Resident cancellation of removal. (Id. at ¶ 11.)

Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers on January 12, 2026, during a traffic stop for allegedly following another car too closely. (Id. at ¶ 32.) Local authorities contacted ICE, and Petitioner was taken to the Hutto Detention Center where he has remained since. (Id.)

## PROCEDURAL HISTORY

On February 2, 2026, Petitioner filed his Original Habeas Petition. (Dkt. # 1.) On February 9, 2026, Petitioner filed an amended habeas petition asserting that his detention without bond violates his due process rights. (Dkt. # 4.) On February 10, 2026, this Court ordered Respondents Sylvester M. Ortega, Director of San Antonio Field Office, United States Immigration and Customs Enforcement and Removal Operations; Kristi Noem, Secretary of the United States Department of Homeland Security; the Department of Homeland Security ("DHS"); Todd M. Lyons, Director of United States Immigration and Customs Enforcement; Pamela Jo Bondi, Attorney General, United States Department of

2

Justice; Daren K. Margolin, Director of the Executive Office for Immigration Review; and Warden of the T. Don Hutto Detention Center (collectively, "Respondents"), to show cause within three days as to why the petition should not be granted.  (Dkt. # 5.)

The Federal Respondents timely filed a response to the Amended Petition for Writ of Habeas Corpus on February 13, 2026, and Petitioner replied on February 20, 2026.  (Dkt. ## 6, 7.)

## LEGAL STANDARD

A district court may grant a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.  The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence."  Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted).  "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'"  Id. (quoting 28 U.S.C. § 2243).

## DISCUSSION

In his Petition, Petitioner claims that Respondents lack statutory authority to detain him without a bond hearing and are violating his constitutional

right to due process by doing so. (See Dkt. # 4.) He brings an additional claim for statutory violation of the Immigration and Nationality Act ("INA"). (Id.)

As an initial matter, the Court finds it necessary to address Respondents' arguments regarding exhaustion. To the extent an administrative exhaustion requirement would normally apply in this situation, "[b]ecause Respondents argue the detention of Petitioner is mandatory, claiming no one, including the [immigration judge], can review the detention issue, any attempt to require Petitioner to exhaust any administrative remedies [would be] futile." See Lorenzo C. P., v. Noem, No. 1:25-CV-181, 2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); see also Shi v. Lyons, No. 1:25-CV-274, -- F. Supp. 3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025) (holding that administrative exhaustion would be futile in light of Matter of Yajure Hurtado).[1]

Proceeding to the merits of the Petition, in light of the Fifth Circuit's recent decision in Buenrostro-Mendez v. Bondi, this Court finds Petitioner's statutory claims foreclosed. --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In that case, the Panel considered a district court decision finding §

---

[1] As an additional matter, this Court finds it may assert its jurisdiction over this case for the same reasons stated in its previous orders. Campuzano v. Noem, No. 1:25-cv-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan 6, 2026); Fabian-Granados v. Bondi, No. 1:25-cv-2068-DAE, 2026 WL 90061 (W.D. Tex. Jan. 8, 2026); Silva v. Bondi, No. 1:25-cv-2155-DAE, 2026 WL 90060 (W.D. Tex. Jan. 12, 2026).

1225(b)(2) inapplicable to noncitizens who have resided in the country for years.
Id. The Panel disagreed with this interpretation of the INA—the same argument
Petitioner now advances. Id. at *9–10; Dkt. # 10 at 18. Finding that Buenrostro
renders Petitioner's statutory arguments unsuccessful, the Court turns to
Petitioner's remaining due process claim.[2]

The Fifth Amendment's Due Process Clause prevents the Government
from "depriv[ing]" any "person . . . of liberty . . . without due process of law."
U.S. Const. amend. V. This right is not limited to United States citizens;
noncitizens similarly are entitled to due process in accordance with the Fifth
Amendment. Trump v. J. G. G., 604 U.S. 670, 673 (2025); Demore v. Kim, 538
U.S. 510, 523 (2003). "Freedom from imprisonment—from government custody,
detention, or other forms of physical restraint—lies at the heart of the liberty that

---

[2] To the extent Respondents argue that Buenrostro prevents this Court's review of
the Petitioner's due process claims, the Court finds such an argument unpersuasive.
See Valencia Reyes v. Noem et al., No. 5:25-cv-1921-XR, Dkt. # 7, at *6–8 (W.D.
Tex. Feb. 25, 2026) (collecting cases). Indeed, the Fifth Circuit's decision was
limited only to that petitioner's statutory interpretation arguments and did not reach
any issue of whether a petitioner's detention violated the Fifth Amendment. See
Buenrostro-Mendez, 2026 WL 323330. The Government acknowledged as much
in their oral arguments by stating: "We have one issue before the Court now: the
statutory question. . . . There's not, in other words, a due process claim here." Oral
Argument, Buenrostro-Mendez, 2026 WL 323330, at 44:56–45:11 (5th Cir. Feb. 3,
2026), available at https://www.ca5.uscourts.gov/OralArgRecordings/25/25-
20496_2-3-2026.mp3.

Clause protects." <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690 (2001) (citing <u>Foucha v. Louisiana</u>, 504 U.S. 71, 80 (1992)).

Respondents argue Petitioner is receiving the due process to which he is entitled by the INA, citing <u>Dep't of Homeland Sec. v. Thuraissigiam</u>, 591 U.S. 103, 140 (2020).  (Dkt. # 15 at 9.)  However, other courts in this Circuit have distinguished <u>Thuraissigiam</u> from cases like Petitioner's for two reasons: "First, because [Petitioner] challenges his detention, not his deportability.  And second, because [Petitioner] was detained after years of presence in the United States, rather than on the threshold of initial entry." <u>Hernandez-Fernandez v. Lyons</u>, No. 5:25-cv-773-JKP, 2025 WL 2976923, at *8 (W.D. Tex. Oct. 21, 2025); <u>see also</u> <u>Zafra v. Noem</u>, No. EP-25-cv-521-DB, 2025 WL 3239526, at *3 (W.D. Tex. Nov. 20, 2025) ("[T]his Court agrees with the line of other courts that have found <u>Thuraissigiam</u> is not preclusive on the facts of this case because (1) Petitioner is not challenging his removal, but rather his detention during removal, and (2) he was not detained at the border on the threshold of initial entry, but rather after living in the United States for over twenty-five years."); <u>Lopez-Arevelo v. Ripa</u>, 801 F.Supp.3d 668, 681–85 (W.D. Tex. 2025) (undertaking a detailed analysis of <u>Thuraissigiam</u> and reaching the same conclusion described above).  Thus, this Court agrees with this line of reasoning and finds that <u>Thuraissigiam</u> does not bar this Petitioner from bringing a due process claim where he only challenges his

detention and not his deportability, and where he was detained after years of presence in the United States.

Having found Petitioner is entitled to due process, the Court proceeds to determining whether Petitioner's arguments are meritorious. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). "To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in Mathews[.]" Martinez v. Noem, No. 5:25-cv-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

The first factor weighs in Petitioner's favor. "'The interest in being free from physical detention' is 'the most elemental of liberty interests.'" Martinez v. Noem, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025) (quoting Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004)). Petitioner lived his life free from custody in

the United States for nineteen years prior to his recent detention.  (Dkt. # 10 at ¶ 29.)  "The Supreme Court has repeatedly affirmed that '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'"  Hernandez-Lara v. Lyons, 10 F.4th 19, 27 (1st Cir. 2021) (citing United States v. Salerno, 481 U.S. 739, 755 (1987)).  This interest "deserves great weight and gravity" and thus weighs heavily in Petitioner's favor.  See Vieira v. De Anda-Ybarra, 806 F.Supp.3d 690, 701 (W.D. Tex. Oct. 16, 2025).

On the second factor, courts consider "whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks."  Martinez v. Noem, 2025 WL 2598379, at *3 (quoting Gunaydin v. Trump, 784 F.Supp.3d 1175, 1187 (D. Minn. 2025)).  Here, there is a high risk of erroneous deprivation of Petitioner's liberty since he is being detained without the opportunity for an individualized bond hearing, depriving him of the ability to contest the reasonableness of his detention.  See Vieira, 806 F.Supp.3d at 701 ("The risk lies in the automatic continued deprivation of liberty . . .").  There would be significant value added by additional safeguards, such as a bond hearing or pre-detention notice, that would reduce the likelihood of an erroneous loss of liberty.  Thus, this factor also weighs in Petitioner's favor.

Third is the Government's interest.  See Mathews, 424 U.S. at 335. The Government has a legitimate interest "in ensuring that noncitizens appear for their removal hearings and do not pose a danger to the community."  Lopez-Arevelo, 801 F.Supp.3d at 686–87.  But such an interest could be adequately protected through individualized bond hearings—process that the Government finds unnecessary.  As another court in this District stated: "Respondents make no meaningful representation that the burden of providing this additional increment of process is beyond their ability.  Instead, they only maintain that due process does not require it."  Valencia Reyes v. Noem et al., No. 5:25-cv-1921-XR, at *25 (W.D. Tex. Feb. 25, 2026).  Thus, as applied to this Petitioner, this factor is neutral.

In weighing all three factors, the Court finds the scale tips in Petitioner's favor; thus, Petitioner's detention without an opportunity to challenge his detention through an individualized assessment violates his right to procedural due process under the Fifth Amendment of the United States Constitution.[3]

On the issue of appropriate relief, the Court is persuaded that it need not depart from the "typical remedy" in habeas cases challenging the lawfulness of detention, which "is, of course, release."  See Munaf v. Geren, 553 U.S. 674, 693 (2008).  Further, ordering a bond hearing under these circumstances would require

---

[3] In so finding, the Court declines to reach any of Petitioner's remaining claims.

the Immigration Judge to do that which he believes he lacks authority to do following Matter of Yajure Hurtado, 29 I&N Dec. 216, 220 (BIA 2025). The Court instead finds that the more appropriate remedy here is release. See Azua-Zuniga v. Bondi et al., No. 1:26-cv-287-RP (W.D. Tex. Feb. 20, 2026) (finding support for the same remedy under similar circumstances); Valencia Reyes v. Noem et al., No. 5:25-cv-1921-XR, at *25 (W.D. Tex. Feb. 25, 2026) (same).

Indeed, the Court notes its agreement that bond hearings are "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." Cruz-Reyes v. Bondi, No. 5:26-cv-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (quoting Gonzalez v. Joyce, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025)). "The suggestion that government agents may sweep up any person they wish without consideration of dangerousness or flight risk, so long as the person will, at some unknown future date, be allowed to ask some other official for his or her release, offends the ordered system of liberty that is the pillar of the Fifth Amendment." Gonzalez, 2025 WL 2961626, at *5.

As a final matter, "[a]lthough Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 2241 and seeks attorney fees, the Court treats the instant action solely as a habeas action under § 2241." Davila Mercado, 2025 WL 3654268, at

10

*7.  Here, as in <u>Davila Mercado</u>, Petitioner has not specifically brought any non-habeas claim and has paid only the minimal habeas filing fee.  Accordingly, the Court denies any request for attorney's fees in this case.  <u>Id.</u>; <u>Aldana Perez v. Noem, et. al.</u>, No. SA-25-CV-01534-XR, 2025 WL 3654262, at *7 (W.D. Tex. Dec. 5, 2025); <u>Barco v. Witte</u>, 65 F.4th 782, 785 (5th Cir. 2023) (holding that the Equal Access to Justice Act does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions).

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** the Amended Petition for Habeas Corpus.  (Dkt. # 4.)  It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Rigoberto Fortuna Guzman from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on March 1, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel by email (georgia@sanlaurentlaw.com) of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release**.

3. Respondents are enjoined from further detaining Petitioner without first conducting a bond hearing, scheduled with notice to Petitioner's attorneys and set at a date agreed upon by both parties.  At such a hearing, Respondents bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's detention.

4.  The parties shall **FILE** individual status reports no later than **6:00 p.m. March 2, 2026**, detailing their compliance with this Order.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, February 27, 2026.

_____
David Alan Ezra
Senior United States District Judge